IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

THOMAS SALAZAR,

     Plaintiff,

v.                                                      No. 10-cv-895 WJ/LFG

STAN MILLS,

     Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment (Doc. 11 filed 3/2/11). The complaint alleges that Plaintiff was illegally stopped and arrested by Defendant for drunk driving without probable cause or reasonable suspicion. Defendant moves for dismissal of the § 1983 claim against him on the basis of qualified immunity, contending that he had "arguable probable cause" to arrest Plaintiff. Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is well taken and shall be granted.

## I.    Qualified Immunity

Police officers "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This is an objective standard and requires no inquiry into an officer's state of mind. *Id.* To defeat the defense of qualified immunity, a plaintiff must show "(1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct." *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010) (internal quotation marks

omitted). If a plaintiff meets this burden, then the burden shifts to defendant to show that he has satisfied the usual summary judgment standard of showing that no material facts are in dispute and that he is entitled to judgment as a matter of law. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

The complaint states a violation of Plaintiff's clearly established right to be free of unlawful seizure, false arrest, and malicious prosecution. According to the complaint, Plaintiff, an employee of the Cuba, New Mexico police force, was driving just outside San Ysidro, New Mexico, when Defendant, who is with the New Mexico State Police, began following him for a distance of seven miles down the road. Plaintiff was "driving his automobile in a prudent and careful manner" on December 12, 2009, when Defendant stopped Plaintiff's vehicle without probable cause or reasonable suspicion to believe a crime had occurred or was occurring. Defendant accused Plaintiff of driving erratically and administered a series of field sobriety tests ("FSTs"), which Plaintiff alleges he passed. Defendant then conducted a search of Plaintiff's vehicle and proceeded to arrest Plaintiff for driving while intoxicated (DWI) and transported him to the police station. There, Defendant administered a blood alcohol test, which revealed Plaintiff to be at about half the legal limit, or .04 and .05. Despite this result, Plaintiff was charged with DWI and placed in jail. Defendant issued a notice of revocation to Plaintiff, thereby initiating proceedings to revoke Plaintiff's driver's license. In this notice, Defendant certified that Plaintiff's blood alcohol level was over the legal limit, which in New Mexico is .08.

It is clearly established that a law enforcement officer is permitted to make a limited "seizure" of an individual suspected of criminal activity if the officer has "specific and articulable facts which, taken together with rational inferences from those facts, reasonably

2

warrant the intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). It is just as clearly established that without reasonable suspicion to believe a crime has occurred or is occurring, then an officer may not stop a vehicle. Similarly, it is clearly established that an arrest must be supported by probable cause. *Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir. 2000). The complaint alleges that Plaintiff was not committing any traffic violations, and that the officer who stopped him falsely accused him of driving while under the influence of alcohol. Thus, Plaintiff has met his burden of showing that Defendant's conduct as alleged in the complaint violated his clearly established constitutional right to be free of unlawful seizure, false arrest, and malicious prosecution. The burden accordingly shifts to Defendant to show that on the undisputed material facts, Defendant is entitled to judgment as a matter of law.

## II.    Summary Judgment

Summary judgment is only appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

Defendant's material facts purport to show that around 7 p.m. on December 12, 2009, the defendant officer observed a black dual-tires pickup truck on U.S. Highway 550 failing to maintain its line, and "weaving across the painted center stripe of the two-lane northbound lanes as well as the painted righthand shoulder line." Defendant followed the truck for seven miles to observe this behavior and videotape it, a copy of which is attached to his motion as Exhibit A.

Defendant engaged his emergency lights, and as the pickup truck pulled to the side of the road,

its right back tires drove over the curb on the edge of the road. Defendant observed Plaintiff had

"bloodshot, watery eyes," and he smelled a "slight odor of alcohol" coming from inside the

truck. Plaintiff confessed to having had "a couple beers at lunch" that day and another beer

before leaving Albuquerque on his way back to Cuba. Defendant also noticed that Plaintiff's

speech was slightly slurred. Upon further investigation, Defendant discovered that Plaintiff's

driver's license was expired. Defendant asserts that Plaintiff failed the series of FSTs, and when

Defendant asked Plaintiff's son to move into the driver's seat and take the car to the nearby gas

station, Defendant observed an empty beer container in plain sight by the driver's seat.

Defendant administered breath tests after transporting Plaintiff to the police station, which

Defendant asserts happened approximately an hour and fifteen minutes after the stop occurred.

The results of the tests showed a .06 and .05 blood alcohol level.

Plaintiff disputes the facts that underlie both the existence of reasonable suspicion and

probable cause for the stop.

A.    Reasonable Suspicion

There is a "two-step framework" for determining the constitutionality of an investigatory

stop and detention: "(1) the stop must be 'justified at its inception,' and (2) the resulting

detention must be 'reasonably related in scope to the circumstances that justified the stop in the

first place.'" *Pena-Montes*, 589 F.3d at 1052 (quoting *Winder*, 557 F.3d at 1133-34). If the stop

and/or detention exceeds either these requirements, the stop is transformed into an arrest. *Oliver*,

209 F.3d at 1186.

First, Plaintiff asserts that the video from the police cruiser shows that Plaintiff's vehicle

is "wider than most vehicles" and therefore that some contact with the white strips delineating

4

the lane is "inevitable." The Court does not agree with this characterization of the evidence. The video unmistakably shows the Plaintiff's truck crossing or touching the white lines on fifteen separate occasions, and drifting almost halfway into the neighboring lane on at least one of them. While it is true that "an isolated incident of crossing into another lane will not ordinarily create reasonable suspicion of driving while impaired," "any repeated weaving between lanes gives rise to reasonable suspicion of driving under the influence." *Amundsen v. Jones*, 533 F.3d 1192, 1199 (10th Cir. 2008). Plaintiff does not dispute that this video accurately depicts his driving prior to the stop, and thus the Court finds that the repeated drifting across the white lines gave rise to reasonable suspicion for a reasonable police officer to believe Plaintiff was driving under the influence. Neither the complaint nor the response to the instant motion appear to challenge the scope of the seizure, and since the stop was justified at its inception, Plaintiff's unlawful seizure claim fails as a matter of law.

      B.      <u>Probable Cause</u>

      If a police officer has "arguable probable cause" to believe that a suspect is committing or is about to commit a crime, he cannot be held liable for false arrest or malicious prosecution. "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005) (internal quotation marks omitted). "When a warrantless arrest is the subject of a § 1983 action, defendant officers are entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest." *Id.* (internal quotation marks omitted). Similarly, lack of probable cause is an essential element of a § 1983 malicious prosecution claim, which consists of the following elements: "(1) the defendant caused

the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Defendant asserts that the undisputed material facts show that there was probable cause to arrest Plaintiff for violating New Mexico DWI laws. "[S]tate law with respect to arrest is looked to for guidance as to the validity of the arrest since the officers are subject to those local standards, [although] it does not follow that state law governs." *Wells v. Ward*, 470 F.2d 1185, 1187 (10th Cir. 1972).

> In New Mexico, driving under the influence of intoxicating liquor is prohibited in two ways. A person can commit a "per se" violation of the DWI statute by driving a vehicle while having a BAC of 0.08 or more. In the alternative, "it is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state." A person is "under the influence" of intoxicating liquor if the person "was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public."

*State v. Lewis*, 184 P.3d 1050, 1056 (N.M. Ct. App.) (citing and quoting N.M. Stat. Ann. § 66-8-102). Thus, if the facts show that the defendant officer could reasonably have believed that Plaintiff was "impaired to the slightest degree" because of his alcohol consumption, he would be entitled to qualified immunity.

Plaintiff attempts to dispute many of the facts allegedly supporting probable cause. Plaintiff disputes that he could have seen the curb on the side of the road that Defendant alleges he drove over when he stopped the pickup truck, and the Court is inclined to agree with Plaintiff after reviewing the video, which shows that the curb is low to the ground and ends a very short distance after the truck wheels hit it. Plaintiff disputes that the officer could have smelled alcohol

6

due to the tobacco Plaintiff was chewing at the time. Plaintiff disputes that the beer can could

have supported probable cause, given that he claims he did not consume anything from it on that

day and it was empty at the time of the stop.  Plaintiff also disputes that he failed the FSTs,

because he has alternative explanations for the "clues" that the officer observed while

administering the tests. Defendant apparently administered three FSTs:

> horizontal eye gaze nystagmus test (as to which he observed four clues of
> impairment out of a possible six clues); the 9-step walk and turn test (as to which
> he observed several clues); and the one-leg stand test (as to which he observed
> clues, such as Plaintiff loosing [sic] his balance and putting his raised foot down).

Def's Fact # 11, Doc. 11 at 6. Plaintiff argues that the horizontal gaze nystagmus test was

unreliable because of the cold weather, that Defendant's story as to how many clues he observed

varied, and that due to Plaintiff's knee troubles the accuracy of the one-leg stand test is

questionable. Plaintiff further points out that his blood alcohol level was discovered to be below

the legal limit when he was tested at the station.

None of these disputes, however, vitiate probable cause if the officer observed a pattern

of driving that would lead a reasonable officer to objectively believe Plaintiff's driving was

impaired, and that the impairment was due to the influence of intoxicating liquor. None of

Plaintiff's disputes as described above go to the question of whether a reasonable officer could

have believed that he was under the influence of alcohol. Rather, Plaintiff asserts that the officer

should have credited alternative causes and other factors to "explain away" the facts supporting

the inference of drunk driving. While Plaintiff's alternative explanations would certainly be

relevant in his criminal defense trial, as Defendant correctly argues, they do not render a police

officer civilly liable for false arrest under § 1983. A police officer is not required to believe such

alternative explanations. *See Marx v. Gumbinner*, 905 F.2d 1503, 1507 n.6 (11th Cir. 1990)

7

("[D]efendants were under no obligation to give credence to [the suspect's] theory. Defendants also were not required to forego arresting [the suspect] based on initially discovered facts showing probable cause simply because [the suspect] offered a different explanation." (citation omitted)); *Criss v. City of Kent*, 867 F.2d 259, 263 (6th Cir. 1988) ("A policeman, however, is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause."); *Thompson v. Olson*, 798 F.2d 552, 555 (1st Cir. 1986) ("[H]aving once determined that there is probable cause to arrest, an officer should not be required to reassess his probable cause conclusion at every turn, whether faced with the discovery of some new evidence or a suspect's self-exonerating explanation from the back of the squad car."). The fact that a beer can was discovered, empty or not, supports the reasonable inference that Plaintiff's impaired driving was due to alcohol. His statement that he had consumed alcohol likewise supports that inference. *Cf. Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1207 (10th Cir. 2008) (statement that driver had "one beer three hours ago" supported reasonable suspicion). And *any* clues observed during the administration of the FSTs, whether or not they would support a conviction for drunk driving beyond a reasonable doubt, certainly support arguable probable cause to arrest.

Because the undisputed material facts show that probable cause existed to arrest Plaintiff for a violation of N.M. Stat. Ann. § 66-8-102, Plaintiff's false arrest claim and malicious prosecution claim both fail.

C.     Pretext

Lastly, the Court will address Plaintiff's contention that his arrest by Defendant was pretextual because Defendant bore animus towards him due to the events surrounding Plaintiff's

8

termination with the state police force and subsequent rehiring by the Cuba city police. Pretextual stops are not actionable under the Fourth Amendment. *United States v. Botero-Ospina*, 71 F.3d 783 (10th Cir. 1995) (en banc). Similarly, pretextual arrests do not violate the Fourth Amendment if the facts, viewed objectively, support probable cause for a reasonable officer to think a crime had been committed or was being committed. "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996). Certainly, proof of animus or pretext may form the basis of violations of other constitutional provisions, such as the First Amendment or the Equal Protection Clause. *Id.* Here, however, Plaintiff's complaint does not bring a cause of action for violations of any specific constitutional provisions, and – more importantly – Plaintiff's brief in opposition to the instant motion does not contain a shred of legal support for rendering the Defendant's alleged animus and bad faith actionable. Therefore, the Court will not address Plaintiff's lengthy factual assertions concerning pretext.

**THEREFORE, IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 11) is GRANTED. Defendant is entitled to qualified immunity, and the complaint is hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE